**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name  Percelle         Steve         Dale
      (Last)           (First)       (Initial)

Prisoner Number  T-95458

Institutional Address  P.O. Box 869, Soledad, CA 93960-0689

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Steven Dale Percelle (PR)
(Enter the full name of plaintiff in this action.)

vs.

S. Pearson, D. Arredondo,
M. Williams, R. White, S. Maughmer
J. Jefferson, M. Brode, and
D. Fletcher
(Enter the full name of the defendant(s) in this action)

Case No. C 12 5343 TEH
(To be provided by the Clerk of Court)

COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
Title 42 U.S.C § 1983

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.   Exhaustion of Administrative Remedies.

  [**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

  A.  Place of present confinement  CTF- Soledad

  B.  Is there a grievance procedure in this institution?

      YES (X)    NO ( )

  C.  Did you present the facts in your complaint for review through the grievance procedure?

      YES (X)    NO ( )

  D.  If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

COMPLAINT                    1 of 13

1. Informal appeal <u>CTF-S-12-00502</u>
<u>ByPassed by CDCR</u>

2. First formal level <u>ByPassed by CDCR</u>

3. Second formal level <u>Denied on 4-4-12 by CTF</u>
<u>Warden R.T.C. Grounds</u>

4. Third formal level <u>Denied on August 1, 2012 by</u>
<u>CDCR Office of Appeals Chief J.D. Lozano</u>

E. Is the last level to which you appealed the highest level of appeal available to you?

YES (X)   NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why. <u>All Administrative Remedys Exhausted as demonstrated above.</u>

II. Parties.

A. Write your name and your present address. Do the same for additional plaintiffs, if any.
<u>Steve D. Percelle P.O. Box 689 Soledad, CA 93960</u>

B. Write the full name of each defendant, his or her official position, and his or her place of employment.
<u>S. Pearson - Institutional Gang Investigator (IGI)</u>
<u>Parties Information is located at Page 11 of 13.</u>

COMPLAINT

2 of 13

## Cause IN Fact

1. On August 20, 2003 the plaintiff arrived at the Correctional Training Facility (CTF), in Soledad California, from San Quentin State Prison.

2. Subsequent to tolerating approximately two-years of indifferent and negligent Medical Care, on May 16, 2005 plaintiff brought a Eighth Amendment, Negligence action in the United States District Court, Northern District of California, San Francisco Division, Case number 3:05-cv-01998 WHA, Under 42 U.S.C. Section 1983.

3. On September 23, 2009 subsequent to four-years of litigation, the defendants filed a Summary Judgement motion, which was granted as to the Plaintiff's Eighth Amendment Claims. The Court advised plaintiff to take his state law claims to state court.

4. On January 4, 2010 Plaintiff brought his state law negligence claims to the Superior Court of California, County of Monterey, whereupon Case number M103255 was administered.

5. On April 27, 2010 the San Francisco Sheriff's Office, Civil Section, properly completed service on the California Department of Corrections and Rehabilitation (CDCR), of both the Summons & Complaint.

6. Subsequent to allowing the lawful amount of time to expire the plaintiff following California Civil Protocol Caused the San Francisco Sheriff's Office Civil Division, to Serve the Statement of Damages on June 8, 2010, on the CDCR.

7. Following California Civil protocol on June 23, 2010 the plaintiff Moved the Superior Court of Monterey County for the entry of default, for the amount Demanded in the Complaint of $550,000.

8. From plaintiff's date of arrival at CTF of August 20, 2003 up to and including June 22, 2010 approximately seven years has elapsed without the defendants mentioning, utterance, verbalizing or expressing through any methodology or manner of the plaintiff being a member, associate, peer, fellow, or accomplice of any prison or street gang. Nor does plaintiff's criminal history contain or maintain any reference to any prison or street gang.

9. On June 23, 2010 Default was entered as to defendant CDCR, for the amount demanded in the complaint of $550,000, Five-Hundred fifty thousand dollars.

10. On November 18, 2010 defendants Pearson, Williams, and Arredondo initiate a cell search of plaintiff's assigned cell, accusing plaintiff of being a member of a prison gang. At the conclusion of Defendants cell search they confiscated plaintiff's personal address book, and a photo copy of a prison library book authored by George Jackson.

11. On November 19, 2010 defendant Arredondo authors a report which declares that "only" prison gang members would have George Jackson's book, and further that since plaintiff had this book in his possession that he a prison gang member.

12. On December 8, 2010 subsequent to plaintiff's submission of the necessary moving papers a hearing was held for the entry of judgement of $550,000 against CDCR. Wherein plaintiff realized that the entry of judgement necessitated expert evidence. Therefore plaintiff moved for the appointment of a expert to medically examine the plaintiff. The Court took plaintiff request under submission.

13. On April 11, 2011 the Superior Court Monterey County appointed MR. Robert Rehm to medically examine the plaintiff, and report back to the Court his medical findings.

14. On May 18, 2011 Mr. Robert Rehm authored a letter to CTF's Litigation Coordinator, MR. Dan Pherigo (Also a CDCR Lieutenant). MR. Rehm sent LT. Pherigo all necessary paperwork which would allow him access to the plaintiff to complete his medical examination.

15. Plaintiff is informed and believes, and on such information and belief alleges that, MR. Robert Rehm was hindered, and discouraged from examining the Plaintiff.

16. On August 31, 2011 the Superior Court Vacated it's April 11, 2011 appointment of MR. Robert Rehm and appointed MR. Scott Simon to medically examine the Plaintiff.

17. On November 22, 2011 MR. Scott Simon authored a letter to CTF Litigation Coordinator, Lieutenant Dan Pherigo seeking his assistance in obtaining permission to examine the plaintiff. Mr. Scott Simon also mailed the plaintiff and Deputy Attorney General Jennifer Nygaard a copy of his letter to LT. Pherigo.

18. On August 27, 2011 defendants Pearson and Fletcher authored a memorandum declaring that plaintiff is a prison gang member.

19. On December 15, 2011 defendants Jefferson and Brode officially validate plaintiff as a member of the Black Guerrilla Family (BGF) Prison Gang, without verifying the presence of the requisite criterion as mandated by CCR, Title 15, Section 3378.

5 of 13

20. On December 19, 2011 Mr. Scott Simon authored a letter to the plaintiff and Deputy Attorney General Jennifer Nygaard seeking plaintiff's medical records.

21. On January 23, 2012 defendants Pearson, Williams, Arredondo, Jefferson, Fletcher, and Brode retaliated against the plaintiff for the exercise of his First Amendment Constitutional Right of access to the Courts, and their retalitory acts advanced no penological interest, caused the plaintiff to be Administratively locked up in administrative Segregation, pending review by CTF's Institutional Classification Committee (ICC), which is chaired by defendants White, and Maughmer.

22. On January 26, 2012 plaintiff appeared before ICC, with defendants White and Maughmer for review of plaintiff's prison gang validation evidence as commanded by California Code of Regulations (CCR), Title 15, Sections 3337, 3338 as a procedural safeguard to insure inmates are validated as prison gang members or associates pursuant to CCR, Title 15, Section 3378. Defendants White and Maughmer refused to perform their duty.

23. On March 4, 2012 plaintiff filed administrative appeal number CTF-12-00502 regarding his validation as a member of a prison gang.

24. On August 1, 2012 plaintiff administrative Appeal, number CTF-12-00502 culminated at the third level, which summarily denied it, just as the previous two levels had, there by exhausting all administrative remedys available within the CDCR.

## Defendants Duty

25. Defendants hold a duty to not permit their conduct and/or actions to be substantially motivated to the point of retaliation against ~~this~~ the Plaintiff in Consequence of his exercise of his Clearly established, Constitutionally Protected rights, whereas defendants Conduct fails to advance any legitimate penological objectives.

26. It is clearly established Federal law that the right to petition is one of the freedoms protected by the Bill of Rights. The right of access to the Courts is indeed but one aspect of the right of Petition. Johnson v. Avery 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed. 2d 718 (1969) in the First Amendment of the United States Constitution.

27. Plaintiff like other individuals have the right to Petition the Government for redress of grievances which, of Course, includes access of prisoner's to the Court for the purpose of presenting their Complaints. Cruz v. Beto, 405 U.S. 319, 321, 92 S.Ct. 1079, 1081, 31 L. Ed. 2d 263 (1972) The right of access to the Court must be adequate effective, and meaningful, and must be freely exercisable without hinderance or fear of retaliation.

28. Defendants hold a duty under the Fourteenth Amendment of the United States Constitution to not deprive the plaintiff of life, Liberty, or Property without due process of law.

## Defendant's Breach of Duty and Injury To The Plaintiff

29. The actions/conduct of defendants Pearson, Williams and Arredondo November 18, 2010 wherein ~~they~~ initiated and/or layed the foundation for the Unlawful retaliation against the plaintiff for the exercise of his clearly established Constitutionally

7 of 13

protected right of access to the court, by their unsustainable groundless accusation of plaintiff's prison gang membership in violation of the First Amendment of the United States Constitution. Whereas defendants groundless accusation fails to advance any legitimate penological objective.

30. The actions/conduct of defendants Pearson, and Fletcher which advanced no legitimate penological objective authored a memorandum which declared the plaintiff is a member of a prison gang known as the Black Guerrilla Family (BGF), in direct retaliation against the plaintiff in consequence of his exercise of his clearly established Constitutionally protected First Amendment right of petition, and Fourteenth Amendments right of due process to plaintiff's Liberty Interest as provided by CCR, Title 15, Sections 3378. On August 27, 2011

31. The actions/conduct of defendants Jefferson and Brode on December 15, 2011 which advanced no legitimate penological objective, validated the plaintiff as a member of a prison gang known as the BGF, in direct retaliation against the Plaintiff in consequence of his exercise of his clearly established Constitutionally protected First Amendment right of petition, and the Fourteenth Amendments right of Due Process to Plaintiff's Liberty Interest as provided by CCR, Title 15, Section 3378

32. The action/conduct of defendants R. White and S. Maughmer from January 26, 2012 through September 20, 2012 which advanced no legitimate Penological objective, refused to conduct the Institutional Classification Committee's (ICC) systematic analysis of all the evidence utilized to validate the plaintiff as a member of a prison gang, in direct retaliation against the Plaintiff in consequence of his exercise of his clearly established Constitutionally protected First Amendment right of petition, and the

Fourteenth Amendments right to Due Process of the Plaintiff's protected Liberty Interest as provided by CCR, Title 15, Sections 3338, 3339, and 3378.

33. The Cumulative and/or Collective action/conduct of all the defendants from January 23, 2012 to September 20, 2012 which advanced no penological objective caused the plaintiff atypical and significant hardship in relation to the Ordinary incidents of Prison life, in direct retaliation against the plaintiff in Consequence of his exercise of his clearly established and Constitutionally protected First and Fourteenth Amendments rights of access to the Courts, and Due process respectively.

34. The Cumulative and/or Collective actions/conduct of all defendants which advanced no penological Objective, infringed, encroached, and encumbered Plaintiff's clearly established and Constitutionally protected First and Fourteenth Amendment rights in Direct retaliation against the plaintiff in Consequence of his exercise of his clearly established constitutionally protected rights.

## Some Evidence Standard

35. As here where all the defendants actions/conduct are motivated by retaliation, Superintendent v. Hill 472 U.S. 445, 105 S. Ct. 2768, 86 L.Ed. 2d 356 (1985) "Some Evidence" Standard is inapplicable under Hines v. Gomez 109 F.3d 265.

## Clearly Established LAW

36. Prohibition against retaliatory punishment is "clearly Established Law" in the Ninth Circuit, for Qualified Immunity purposes. Pratt v. Rowland 65 F.3d 802 (9th Cir. 1995)

## Qualified Immunity

37. Government officials generally are shielded from liability for civil damages insofar as their actions/conduct does not violate clearly established Constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed. 2d 396 (1982)

38. During the course of all events and/or allegations raised within this complaint all defendant were under color of California law, and while in that capacity deprived plaintiff of rights secured by the United States Constitution as referenced herein.

1 D. Arredondo (IGI), M. Williams (IGI), R. White (Assoc Warden)
2 S. Maughmer (Counselor in ICC), J. Jefferson (CDCR Invest-
3 igator), M. Brode (CDCR Investigator) D. Fletcher (IGI),
4 All defendants are sued in their individual capacities.

5 III.   Statement of Claim.

6 State here as briefly as possible the facts of your case. Be sure to describe how each
7 defendant is involved and to include dates, when possible. Do not give any legal arguments or
8 cite any cases or statutes. If you have more than one claim, each claim should be set forth in a
9 separate numbered paragraph.

11 ═ Please See Attached Cause in Fact ═

23 IV.   Relief.

24 Your complaint cannot go forward unless you request specific relief. State briefly exactly
25 what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

27 ═ Following Page ═

COMPLAINT

11 of 13

IV. <u>Relief</u>

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

Plaintiff Steven Dale Percelle Prays for Judgement for cost of Suit, for such relief as is fair, Just and equitable; And for: Compensatory damages of : $1,000,000 Punitive damages of :$2,000,000

DATED: 9/20/2012          _____
                          (Plaintiff's signature)

------------------------------------------------------------

**VERIFICATION**

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury that the foregoing is true and correct.

Dated: 9-20-2012          _____
                          (Plaintiff's signature)

------------------------------------------------------------

**JURY TRIAL DEMAND**

I demand a jury trial for all claims for which a jury trial is

allowed.

    YES (X)    NO ( )   (check one only)

Dated: 9/20/2012    _____
                        (Plaintiff's signature)

(rev. 11/98)

13 of 13

Steve Pernell
T-95458/OW-303
P.O. Box 689
Soledad, CA 93960-0689

United Stat
Northern Di
Attn: Clerks O
450 Gold
San Franci

Legal Mail

