IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DALE PERCELLE, | No. C-12-5343 TEH (PR) |
| Plaintiff, | |
| v. | ORDER OF SERVICE |
| S. PEARSON, D. ARREDONDO, M. WILLIAMS, R. WHITE, S. MAUGHMER, J. JEFFERSON, M. BRODE and D. FLETCHER, | |
| Defendants. | |

Plaintiff Steven Dale Percelle, a prisoner presently incarcerated at the Correction Training Facility ("CTF") in Soledad, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his First and Fourteenth Amendment rights under the United States Constitution were violated by Defendants who classified him as a gang member in retaliation for prosecuting an unrelated lawsuit against the California Department of Corrections and Rehabilitation ("CDCR"). Doc. #1 at 4-9. This action is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

II

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of liberty. Board of Regents v. Roth, 408 U.S. 564, 570-71 (1972); Mullins v. Oregon, 57 F.3d 789, 795 (9th Cir. 1995). Changes in prison conditions that are so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (citing Vitek v. Jones, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and Washington v. Harper, 494 U.S. 210, 221-22 (1990) (involuntary administration of

2

1 psychotropic drugs)). Deprivations that are authorized by state law
2 and are closely related to the expected terms of confinement may
3 also amount to deprivations of a procedurally protected liberty
4 interest if the deprivation imposes an "atypical and significant
5 hardship on the inmate in relation to the ordinary incidents of
6 prison life." Sandin, 515 U.S. at 484. Whether a restraint is
7 "atypical and significant [under Sandin] . . . requires a case by
8 case, fact by fact consideration." Ramirez v. Galaza, 334 F.3d 850,
9 861 (9th Cir. 2003) (quoting Keenan v. Hall, 83 F.3d 1083, 1089 (9th
10 Cir. 1996)).

11 "Within the prison context, a viable claim of First
12 Amendment retaliation entails five basic elements: (1) An assertion
13 that a state actor took some adverse action against an inmate
14 (2) because of (3) that prisoner's protected conduct, and that such
15 action (4) chilled the inmate's exercise of his First Amendment
16 rights, and (5) the action did not reasonably advance a legitimate
17 correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th
18 Cir. 2005) (footnote omitted). The right to file a prison grievance
19 is conduct protected under the First Amendment right to petition the
20 government for redress of grievances, see Hines v. Gomez, 853 F.
21 Supp. 329, 333 (N.D. Cal. 1994), and protects both the filing, see
22 id., and content, see Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.
23 1995), overruled on other grounds by Shaw v. Murphy, 532 U.S. 223,
24 230 n.2 (2001), of prison grievances. The prisoner must allege that
25 he suffered harm, see Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir.
26 2000) (holding that a retaliation claim is not actionable unless
27 there is an allegation of harm), but he need not demonstrate a total
28

3

chilling of his First Amendment rights in order to establish a retaliation claim. See Rhodes, 408 F.3d at 568-69 (rejecting argument that inmate did not state a claim for relief because he had been able to file inmate grievances and a lawsuit).

In his complaint, Plaintiff makes the following allegations. Since August 2003, Plaintiff has been prosecuting a lawsuit against the CDCR for the unlawful medical treatment he received at CTF. On June 23, 2010, default was entered against the CDCR in the amount of $550,000. Comp. ¶ 9. On November 18, 2010, Defendants Pearson, Williams and Arrendondo initiated a cell search of Plaintiff's cell and accused him of being a member of a prison gang. Comp. ¶ 10. On August 27, 2011, Defendants Pearson and Fletcher authored a memorandum declaring that Plaintiff was a prison gang member. Comp. ¶ 18. On December 15, 2011, Defendants Jefferson and Brode officially validated Plaintiff as a member of the Black Guerrilla Family ("BGF") Prison Gang without verifying the requisite criteria as mandated by Title 15, California Code of Regulations, section 3378. Comp. ¶ 19. On January 23, 2012, the acts of Defendants Pearson, Williams, Arredondo, Jefferson, Fletcher and Brode labeling Plaintiff a gang member caused Plaintiff to be locked up in Administrative Segregation ("Ad Seg"), pending review by the CTF Institutional Classification Committee ("ICC"). Comp. ¶ 21. On January 26, 2012, Plaintiff appeared before the ICC, chaired by Defendants White and Maughmer, for review of the evidence showing that Plaintiff was a member of a gang. Comp. ¶ 22. Defendants White and Maughmer validated Plaintiff as a member of a prison gang. Comp. ¶ 22.

4

Liberally construed, Plaintiff's allegations appear to state the following cognizable 42 U.S.C. § 1983 claims:  (1) that Plaintiff's due process rights were violated by all named Defendants who validated Plaintiff as a prison gang member in retaliation for his prosecuting a lawsuit against the CDCR, which caused him to be locked up in Ad Seg, and (2) that Plaintiff's First Amendment rights were violated by all Defendants for retaliating against him for exercising his First Amendment right to access the courts.

### III

For the foregoing reasons and for good cause shown:

1.  The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the Complaint in this matter, all attachments thereto, and copies of this Order on CTF employees S. Pearson, D. Arrendondo, M. Williams, R. White, S. Maughmer, J. Jefferson, M. Brode and D. Fletcher.  The Clerk also shall serve a copy of this Order on Plaintiff.

2.  To expedite the resolution of this case, the Court orders as follows:

a.  No later than ninety (90) days from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the Court prior to the date their motion is due.  All

1 papers filed with the Court shall be served promptly on Plaintiff.

2         b. Plaintiff's opposition to the dispositive motion
3 shall be filed with the Court and served upon Defendants no later
4 than thirty (30) days after Defendants serve Plaintiff with the
5 motion.

6         c. Plaintiff is advised that a motion for summary
7 judgment under Rule 56 of the Federal Rules of Civil Procedure will,
8 if granted, end your case. Rule 56 tells you what you must do in
9 order to oppose a motion for summary judgment. Generally, summary
10 judgment must be granted when there is no genuine issue of material
11 fact - that is, if there is no real dispute about any fact that
12 would affect the result of your case, the party who asked for
13 summary judgment is entitled to judgment as a matter of law, which
14 will end your case. When a party you are suing makes a motion for
15 summary judgment that is properly supported by declarations (or
16 other sworn testimony), you cannot simply rely on what your
17 complaint says. Instead, you must set out specific facts in
18 declarations, depositions, answers to interrogatories, or
19 authenticated documents, as provided in Rule 56(e), that contradict
20 the facts shown in the defendants' declarations and documents and
21 show that there is a genuine issue of material fact for trial. If
22 you do not submit your own evidence in opposition, summary judgment,
23 if appropriate, may be entered against you. If summary judgment is
24 granted, your case will be dismissed and there will be no trial.
25 <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc)
26 (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the Defendants in their motion to dismiss. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If Defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

    d. Defendants shall file a reply brief within fifteen (15) days of the date on which Plaintiff serves them with the opposition.

    e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

4. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7

5. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED  *11/07/2012*

**THELTON E. HENDERSON**
United States District Judge

`G:\PRO-SE\TEH\CR.12\Percelle 12-5343-order of service.wpd`