IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVEN DALE PERCELLE,

    Plaintiff,

v.

S. PEARSON, et al.,

    Defendants.

NO. C12-5343 TEH

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR A SCHEDULING CONFERENCE AND STAY OF DISCOVERY

    Defendants seek an order setting a scheduling conference in this case and staying all discovery pending a ruling on Defendants' motion to dismiss. Docket No. 47. This case was originally subject to the pro se prisoner exemption from discovery under Federal Rule of Civil Procedure ("Rule") 26(a)(1)(b)(iv). Since Plaintiff is no longer a prisoner and no longer unrepresented, the parties are now subject to the disclosure requirements outlined in Rule 26.

    Defendants contend that the parties have not yet met and conferred under Rule 26(f); Plaintiff responds that Defendants have essentially refused to meet and confer. Docket No. 52. The Court agrees that the parties' previous communications did not constitute the require Rule 26(f) conference. The Court therefore orders the parties to meet and confer under Rule 26(f) on or before **July 8, 2013**.

    Defendants request a stay of all discovery pending a ruling on the motion to dismiss, citing Rule 12(a)(4) & (b) for the proposition that they are not required to reveal their defenses while the motion to dismiss is pending. Defendants cite no law suggesting that the filing of a motion to dismiss is sufficient, in and of itself, to constitute cause for a stay of discovery. *Cf. Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir. 1981) ("A district court may limit discovery 'for good cause,' Rule 26(c)(4), . . . and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief" (citation omitted));

1  *Baker v. Arkansas Blue Cross*, C-08-03974SBAEDL, 2009 WL 904150 (N.D. Cal. Mar. 31,
2  2009). Plaintiff states in opposition to the stay that he seeks only discovery "relate[d] to the
3  administrative record," including "facts and documents supporting that . . . Percelle satisfied
4  his obligation to seek administrative relief for being placed in segregated housing, and the
5  whereabouts of the named defendants who were unable to be served . . . ." Docket. No. 52 at
6  3.

The Court declines Defendants' request for a blanket stay of all discovery. However, it agrees with Defendants that discovery addressing the substantive claims in this case should not proceed until the Court rules on the motion to dismiss. Accordingly, Plaintiff shall be permitted to obtain discovery relevant to (1) identifying and locating particular Defendants in his case, and (2) the issue of the administrative exhaustion of his retaliation claim. Discovery relevant to these two limited issues shall proceed according to the dictates of Rule 26(f) and any and all other applicable rules. All other discovery is hereby stayed until the Court issues its ruling on the motion to dismiss.

If a case management conference is necessary in this case, the Court will schedule one in its order on the motion to dismiss.

**IT IS SO ORDERED.**

Dated: 6/26/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2