IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN DALE PERCELLE, <br><br> Plaintiff, <br><br> v. <br><br> S. PEARSON, et al., <br><br> Defendants. | C 12-5343 TEH <br><br> **STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

    Disclosure and discovery activity in this action are likely to involve the production of records of the California Department of Corrections and Rehabilitation (CDCR) or Correctional Training Facility (CTF) that concern prison management, reflect the personal information of inmates, or that might threaten prison safety and security for which special protection from public disclosure, disclosure not authorized by law, and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties stipulate to and petition the Court to enter the following Stipulated Protective Order (Order). The Parties acknowledge that this Order

1

does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information or items that are entitled to confidential treatment under applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2. DEFINITIONS

    2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that a Party has designated in good faith to be confidential. The criteria for such a designation shall be whether the Party has a good faith belief that the information is entitled to protection from disclosure under Rule 26(c) of the Federal Rules of Civil Procedure and/or California state law including, but not limited to, internal documents of CDCR or CTF regarding prison management, safety, and security.

    2.3 "CONFIDENTIAL–ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that a Party has designated in good faith to be confidential and for attorneys' eyes only. The criteria for such a designation shall be whether the Party has a good faith belief that the information is entitled to protection from disclosure to non-attorneys, including any inmate, because such information threatens inmate or prison safety or security including, but not limited to, materials related to an inmate's gang validation and the confidential portion of an inmate's central file.

    2.4 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

    2.5 House Counsel: attorneys who are employed by CDCR. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.6  Designating Party: a Party or Non-Party that designates information or items as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY."

2.7  Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.9  Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10  Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11  Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, House Counsel, and Outside Counsel of Record (and their support staff).

2.12  Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14  Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY."

2.15  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and is under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. For any Disclosure or Discovery Material that in part contains Protected Material but does not qualify as Protected Material in its entirety, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted may be disclosed.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

1    encumber or retard the case development process or to impose unnecessary expenses and burdens
2    on other parties) expose the Designating Party to sanctions.

3         If it comes to a Designating Party's attention that information or items that it designated for
4    protection do not qualify for protection, that Designating Party must promptly notify all other
5    Parties that it is withdrawing the mistaken designation.

6         5.2   Manner and Timing of Designations. Except as otherwise provided in this Order, or
7    as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
8    under this Order must be clearly so designated before the material is disclosed or produced.
9    Designation in conformity with this Order requires:

10        (a) for information in documentary form (e.g., paper or electronic documents, but
11   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing
12   Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY"
13   to each page that contains Protected Material.

14        (b) for testimony given in deposition or in other pretrial or trial proceedings, that the
15   Designating Party identify on the record, before the close of the deposition, hearing, or other
16   proceeding, all protected testimony.

17        (c) for information produced in some form other than documentary and for any other
18   tangible items, that the Producing Party affix in a prominent place on the exterior of the item,
19   container or containers in which the information or item is stored the legend "CONFIDENTIAL"
20   or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." If only a portion or portions of the
21   information or item warrant protection, the Producing Party, to the extent practicable, shall
22   identify the protected portion(s).

23        5.3   Inadvertent Failures to Designate. An inadvertent failure to designate qualified
24   information or items does not, standing alone, waive the Designating Party's right to secure
25   protection under this Order for such material, and the Receiving Party must make reasonable
26   efforts to assure that the material is treated in accordance with the provisions of this Order.

27        5.4   Personal Information of CDCR Employees and Other Inmates. Personal information
28   of current and former CDCR employees, including but not limited to social security numbers,

telephone numbers and home addresses, shall be redacted from all discovery documents regardless of their designated protected status. Additionally, identification information of non-Plaintiff inmates or parolees shall be redacted from all discovery materials produced. If Plaintiff seeks un-redacted copies of produced documents, Defendants will submit those documents to the Court for in camera review for determination of relevance and the need for disclosure.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    6.1 <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2 <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

    6.3 <u>Judicial Intervention.</u> If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days

of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.[1] Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

The provisions of this Order are without prejudice to the right of any Party or Non-Party to apply to the Court for: (i) a further protective order relating to the confidentiality designation of any Protected Material; or (ii) an order seeking the removal of a confidentiality designation asserted in connection with any Protected Material.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. No person who has been given access to Protected Material under this stipulated order shall disclose or discuss the Protected Material except as necessary for

---

[1] Alternative: It may be appropriate in certain circumstances for the parties to agree to shift the burden to move on the Challenging Party after a certain number of challenges are made to avoid an abuse of the process. The burden of persuasion would remain on the Designating Party.

prosecuting, defending, or attempting to settle this litigation, and then only in accordance with this stipulated order. The Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION). During the pendency of this litigation, Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to only those persons authorized under this Order.

    7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c) the Court and its personnel;

    (d) court reporters and their staff who are engaged in such proceedings that are incidental to preparation for the trial in this action; and

    (e) during their depositions, non-inmate witnesses in the action to whom disclosure is reasonably necessary, has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court, and provided that the witness does not leave any deposition with copies of any Protected Material. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

    7.3    Disclosure of "CONFIDENTIAL–ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Outside Counsel of Record for the Receiving Party may not disclose any information or item

8

designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY" to Plaintiff, members of Plaintiff's family, Plaintiff's friends, or Plaintiff's associates, or to any other inmate, parolee, any person previously in the custody of CDCR or any of their relatives, friends, or associates, or the public. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, only Outside Counsel of Record for the Receiving Party may have access to and review any information or item designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY." Staff employed by Outside Counsel of Record will not disclose any item or information designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY," or make copies of any item or information so designated, except as necessary for this litigation. Outside Counsel of Record is responsible for ensuring that their staff complies with this Order.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in

that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a

1  determination by the Court.[2] Absent a court order to the contrary, the Non-Party shall bear the
2  burden and expense of seeking protection in this court of its Protected Material.
3  10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.
4       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
5  Material to any person or in any circumstance not authorized under this Order, the Receiving
6  Party must immediately (a) notify in writing the Designating Party of the unauthorized
7  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)
8  inform the person or persons to whom unauthorized disclosures were made of all the terms of this
9  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to
10 Be Bound" that is attached hereto as Exhibit A.
11      In the event the Receiving Party believes that information or items labeled
12 "CONFIDENTIAL–ATTORNEYS' EYES ONLY" have been viewed or obtained by persons
13 other than those authorized under the Order, the Receiving Party must immediately (a) notify in
14 writing the Designating Party of the unauthorized disclosures, (b) identify the person or persons
15 to whom unauthorized disclosures were made, (c) inform the person or persons to whom
16 unauthorized disclosures were made of all the terms of this Order, and (d) use its best efforts to
17 retrieve all unauthorized copies of the Protected Material.
18 11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
     MATERIAL.
19
20      When a Producing Party gives notice to Receiving Parties that certain inadvertently
21 produced material is subject to a claim of privilege or other protection, the obligations of the
22 Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This
23 provision is not intended to modify whatever procedure may be established in an e-discovery
24 order that provides for production without prior privilege review. Pursuant to Federal Rule of
25 Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a

---

[2] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

communication or information covered by the attorney-client privilege or work-product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

12. MISCELLANEOUS.

12.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3 <u>Filing Protected Material.</u> Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue may threaten the safety or security of a CDCR institution, is privileged, or otherwise entitled to protection under the Federal Rules of Civil Procedure or California law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e), unless otherwise instructed by the Court.

12.4 <u>Access to Protected Material By Authorized Government Officials.</u> Nothing in this Order is intended to prevent officials or employees of the State of California or other authorized government officials from having access to Protected Material to which they have access in the normal course of their official duties.

12.5 <u>Inmate Access to Inmate Files.</u> This Order is not intended to abrogate the existing rights of inmates to inspect their own records — specifically, the non-confidential portion of their

central files in addition to their unit health records — pursuant to Department Operations Manual § 13030.16. Unless otherwise ordered by the Court, permitted in writing by the Designating Party, or with appropriate valid authorization, any information or item designated confidential under this Order shall not be disclosed or discussed with any other inmate other than the inmate to whom the information or item pertains.

13. <u>FINAL DISPOSITION</u>

Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Within 30 days after the final disposition of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

DATED: 3/17, 2014  _____
William Dresser
Counsel for Plaintiff

DATED: 3/18, 2014  _____
Giam Nguyen
Counsel for Defendants

PURSUANT TO STIPULATION, IT IS SO ORDERED:

DATED: 03/24, 2014  _____
The Honorable Thelton E. Henderson
United States District Court Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on ___, 2014 in the case of *Percelle v. Pearson, et al.*, No. 12-5343 TEH. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

SF2013205377
40896056.doc