1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVE DALE PERCELLE,

Plaintiff,

v.

S. PEARSON, et al.,

Defendants.

Case No.  12-cv-05343-TEH

**ORDER DENYING PLAINTIFF'S
MOTION TO MODIFY JULY 28,
2014 ISSUED ORDER ON MOTION
TO MAINTAIN REDACTIONS**

This matter is scheduled for oral argument at 10:00 AM on September 15, 2014. Having considered the arguments of the parties in the papers submitted, the Court now decides Plaintiff's motion without oral argument, pursuant to Civil Local Rule 7-1(b).  For the reasons set forth below, the Court DENIES Plaintiff's motion and VACATES the hearing scheduled for September 15, 2014.  The Court also GRANTS Plaintiff's administrative motion to file excess pages.

**BACKGROUND**

Plaintiff Steven Dale Percelle ("Percelle") is a former state prisoner who was classified as a gang member while incarcerated and placed in segregated housing for approximately fourteen months.  He now sues eight California Department of Corrections and Rehabilitation ("CDCR") officials pursuant to 42 U.S.C. § 1983, alleging that his gang classification and segregated housing placement was done in retaliation for engaging in litigation activity protected by the First Amendment.  In the current motion, Percelle seeks modification of Chief Magistrate Judge Elizabeth D. Laporte's Order of July 28, 2014 (Docket No. 112), which maintained all of Defendants' redactions to a Gang Validation Package in order to protect the identity of a confidential prison informant.

**LEGAL STANDARD**

A district court reviews a motion for relief from a nondispositive pretrial order of a Magistrate Judge for whether such order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

The decision whether or not to disclose the identity of a confidential informant "calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his [case]." *Roviaro v. United States*, 353 U.S. 53, 62 (1957). "For the informants privilege to give way, the party seeking disclosure has the burden of showing that its need for the information outweighs the government's interest in nondisclosure." *In re Perez*, 749 F.3d 849, 858 (9th Cir. 2014).

**DISCUSSION**

Percelle argues that the order of the Magistrate Judge is "clearly erroneous and contrary to law" because it precludes him from proving an "essential element of his claim," namely, that the contents of the Gang Validation Report were false and that Defendants knew as much. Mot. at 2 (Docket No. 113). However, the Court finds that the Magistrate Judge's determination was not clearly erroneous or contrary to law.

Percelle correctly identifies *Roviaro* as the standard for ordering disclosure of a confidential informant. 353 U.S. at 62. Although *Roviaro* concerned an informant in a criminal case, *id.* at 55, its balancing test applies to civil cases as well. *See, e.g.*, *In re Perez*, 749 F.3d at 858 (wage and hour claim); *Mitchell v. City of Pittsburg*, No. 09-794-SI, 2012 WL 92565, at *2 (N.D. Cal. Jan. 11, 2012) (excessive force claim).

The record demonstrates that the Magistrate Judge appropriately balanced Percelle's interest in obtaining the un-redacted report with the government's interest in protecting the confidentiality of the informant.

At oral argument, the Magistrate Judge indicated that "there's a word or two that could have not been redacted but it's not particularly revealing either." Transcript of Oral Argument at 3 (Docket No. 117). The Magistrate Judge considered what Percelle would

2

United States District Court
Northern District of California

1    need to prove in his case, and concluded "[the evidence is] relevant.  It's not directly

2    absolutely crucially so."  *Id.* at 4.  Later, the Magistrate Judge concluded "It's not central

3    in the sense that the case is dispositive one way or the other," and that "not having it is not

4    crippling to the case but it's certainly some disadvantage."  *Id.* at 11.  Moreover, even

5    though the Magistrate Judge found that the evidence was relevant and would be helpful,

6    she also opined that its value would be limited: "there's nothing that looks like internal

7    inconsistencies which should have put the investigator on notice."  *Id.*

8         Regarding the government's interest, Defendants argued in a joint statement that,

9    "If released, the redacted information could allow the confidential informant and others to

10   be identified because the information reveals the informant's personal information . . .

11   [which] could put the lives of numerous people at risk."  Joint Discovery Letter Brief at 2

12   (Docket No. 94).  The Magistrate Judge also heard argument from Defendants at the

13   hearing that revealing information about the confidential informant's identity would put

14   the informant's life at risk.  *Id.* at 8.

15        The Magistrate Judge issued the order maintaining the redactions "[u]pon

16   consideration of all the briefing submitted to the court, oral argument, and in-camera

17   review of the Gang Validation Package," and found that "Defendants' redactions to the

18   Gang Validation Package are proper because they are necessary to safeguard the identity

19   of the confidential informant and other individuals referenced in the document."  Order on

20   Motion to Retain Redactions at 1 (Docket No. 112).  The order itself, and the transcript of

21   the hearing to which it refers, clearly indicate that the Magistrate Judge balanced the

22   public's interest in protecting the informant with Percelle's interest in using the un-

23   redacted report for his case, as the law requires.  The order was not contrary to law.

24        Moreover, after performing its own in-camera review of the un-redacted report, the

25   Court concludes that the balance of interests struck by the Magistrate Judge was not clearly

26   erroneous.  While maintaining the redactions will likely be "some disadvantage" to

27   Percelle, it was not clear error to determine that the redactions are "not crippling to the

28   case," Transcript at 11, or that "the disclosure of this information could jeopardize the

3

1    safety of these individuals." Order on Motion to Retain Redactions at 1. The Court

2    therefore will not disturb the Magistrate Judge's decision to maintain all of the subject

3    redactions.

4

5    **PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE EXCESS PAGES**

6        After reviewing the papers submitted in support of Plaintiff's Administrative

7    Motion to Allow Filing of Motion in Excess of 5 Pages, the Court finds that good cause

8    exists for Defendants' motion. The Court GRANTS Plaintiff's motion as follows:

9        The Court accepts and has considered the pleadings filed on August 11, 2014 in

10   support of Plaintiff's Rule 59 Motion notwithstanding the filed motion being in excess of

11   the page limitations of Civil Local Rule 72-2.

12       However, the Court cautions Plaintiff that further rule violations will not be

13   tolerated. The Court points to the fact that Plaintiff violated Local Rule 7 in a previous

14   filing. *See* Order re: Dkts. 78, 90, 94, & 97 at 2 (Docket No. 106). Any additional rule

15   violations may result in summary denial of the related motions and monetary sanctions.

16

17   **CONCLUSION**

18       The Court GRANTS Plaintiff's administrative motion and DENIES Plaintiff's

19   motion to modify the Magistrate Judge's order. The Court VACATES the hearing

20   scheduled for 10:00 AM on September 15, 2014. This case is set for a Case Management

21   Conference at 1:30 PM on September 15, 2014.

22

23

24   **IT IS SO ORDERED.**

25

26   Dated:   09/08/2014

27                     THELTON E. HENDERSON
                  United States District Judge

28

United States District Court
Northern District of California

4