UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE DALE PERCELLE,<br><br>    Plaintiff,<br><br>    v.<br><br>S. PEARSON, et al.,<br><br>    Defendants. | Case No. 12-cv-05343-TEH (EDL)<br><br>**ORDER RE REDACTIONS**<br>Re: Dkt. No. 166, 189 |

On February 2, 2015, Plaintiff filed a motion to compel production of documents. (Dkt. 163.) As stated on the record at the March 24, 2015 hearing, that motion, as well as Plaintiff's two other discovery motions (Dkts. 169, 173), were largely resolved by the Parties. However, the Court ordered the Parties to submit supplemental briefing on Plaintiff's objections to Defendants' redactions to a December 8, 2010 e-mail (with attachments) sent to Defendant Arredondo and ordered Defendants to submit that document for in-camera review. (Dkt. 166 (Dresser Decl.) Ex. HH.)[1] Only Defendants timely submitted supplemental briefing. They argue that the redactions are proper to conceal the identities of a confidential informant and other inmates, but consent to producing the e-mail sender's name. (See Dkt. 189.)

Upon consideration of all the briefing submitted to the Court, oral argument, and in-camera review of the document, the Court finds that the majority of Defendants' redactions are proper because they are necessary to safeguard the identity of the confidential informant and other individuals referenced in the document. (See Dkt. 77 (stipulated protective order requiring the redaction of "information of all non-Plaintiff inmates or parolees").) As Defendants persuasively

---

[1] Plaintiff's unopposed motion to file this declaration under seal (Dkt. 166) is GRANTED.

1    argue, the disclosure of this information could jeopardize the safety of these individuals.

2    However, Defendants fail to justify their redactions as to the following portions of the
3    document:

4    (1) On page one, both words which comprise line twenty-one of the document (beginning
5    with the "c" and ending with the "n");

6    (2) On page six, line six of the handwritten text (i.e., line 10 from the top of the page, that
7    begins with a typed title line and three lines of typed unredacted text), from the fifth word of the
8    line, which begins with "r," to, and including, the twentieth word of the line, which ends with "e";
9    and

10   (3) On page nine, all of the fifth line of handwritten text (beginning with "(c" and ending
11   with "f".

12   Therefore, the Court ORDERS that Defendants produce a version of this document without
13   these redactions and which identifies the e-mail sender's name.  Defendants may designate this
14   document as "CONFIDENTIAL - ATTORNEY'S EYES ONLY."  Given Defendants' concern
15   that the confidential informant's handwriting may reveal that person's identity, Defendants may
16   produce a typed version of the handwritten lines of text in lieu of the handwriting itself.

17   **IT IS SO ORDERED.**

18   Dated: April 3, 2015

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge