UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVE DALE PERCELLE,

   Plaintiff,

  v.

S. PEARSON, et al.,

   Defendants.

Case No. 12-cv-05343-TEH

**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION OVER POTENTIAL OBJECTION**

  This matter is before the Court on Plaintiff's motion for leave to file a second amended complaint ("SAC"). Mot. at 1 (Docket No. 196). Plaintiff simultaneously filed an administrative motion for leave to file the motion over Defendants' potential objection that it constitutes a motion for reconsideration under Civil Local Rule 7-9. Admin. Mot. at 1 (Docket No. 199). The reason for the administrative motion is that the Court previously dismissed Plaintiff's due process claim with prejudice. November 19, 2013 Order at 9 (Docket No. 71). In spite of this prior order, Plaintiff now seeks to amend the complaint to include a due process claim. Mot. at 5-7. Plaintiff argues that the administrative motion is not actually a motion for leave to file a motion for reconsideration, because he seeks a ruling on the sufficiency of the proposed SAC instead of a reconsideration of the order dismissing the FAC; nonetheless, he filed the administrative motion to preempt that possible ground for opposition. Admin. Mot. at 2.

  Despite Plaintiff's argument to the contrary, Plaintiff's motion for leave to amend the complaint must be viewed as a motion for reconsideration of the Court's order granting in part Defendants' motion to dismiss. The Court previously dismissed Plaintiff's due process claim with prejudice, yet Plaintiff now seeks to bring a due process claim. The new due process claim is fundamentally similar to the prior claim: both allege that Defendants had insufficient evidence with which to validate Plaintiff as a gang member and therefore place him in administrative segregation. *Compare* Proposed SAC ¶¶ 138-

152 (Docket No. 196-1), *with* FAC ¶¶ 62-70 (Docket No. 55). The only way for Plaintiff to bring such a claim is if the Court reconsiders its order dismissing the claim with prejudice.

A motion for leave to file a motion for reconsideration of an interlocutory order may be granted if the moving party shows "[t]hat at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." Civil L.R. 7-9(b)(1). "The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." *Id.*

Here, Plaintiff argues that a material difference in fact exists from that which was presented to the Court in 2013, because Plaintiff has conducted additional discovery since that time. Admin. Mot. at 2. Specifically, Plaintiff notes that he obtained redacted portions of a confidential informant's debriefing memorandum in April of 2014; that he received a composition book including the names of known gang members (in addition to "hundreds" of other people) as well as the library copy of the book "Blood in My Eye" in October of 2014; and that he obtained the Defendants' emails regarding their failure to produce certain information to him in January of 2015. *Id.*

The first three of these, at least, do not constitute new material facts, even though Plaintiff did not previously have them in his possession. In fact, each of these three pieces of information were considered by the Court as potential bases for validation when it dismissed Plaintiff's due process claim with prejudice. November 19, 2013 Order at 7-8. At that time, the Court noted that there must only be "some evidence from which the administrative board's conclusion could have followed." *Id.* at 7 (citing *Toussaint v. McCarthy*, 801 F.2d 1080, 1105 (9th Cir. 1986)). The mere fact that Plaintiff now has access to these documents does not constitute a material difference in fact that would call into question whether "some evidence" supported the administrative board's decision.

Moreover, Plaintiff has not shown that he exercised reasonable diligence that would justify his failure to know any of these allegedly new and material facts at the time of the Court's November 19, 2013 order.  In fact, this requirement for reconsideration is not discussed in the administrative motion whatsoever.  *See* Admin. Mot. at 1-3.  In his motion for leave to file a SAC, Plaintiff states that he initially propounded discovery requests in May 3, 2013, but that Defendants responded with objections.  Mot. at 3.  Plaintiff does not discuss the extent to which Defendants' objections were or were not justified, or explain what steps he took in response to the objections before the Court's November 19, 2013 order.  *See id.*  He does state that "Defendants produced documents in bits and pieces" in response to several motions to compel, but all of those motions were filed *after* the Court's November 19, 2013 order.  *Id.*  In short, Plaintiff has not shown that he exercised due diligence before the Court's prior order such that he is now entitled to reconsideration.

Plaintiff has not demonstrated sufficient grounds for the Court to reconsider its order dismissing his due process claim with prejudice.  Plaintiff's administrative motion for leave to file a motion for leave to file a SAC is therefore DENIED.  Plaintiff's proposed SAC shall not include a due process claim.  Further briefing and argument regarding Plaintiff's motion for leave to file a SAC shall only discuss Plaintiff's proposed second and third causes of action.

**IT IS SO ORDERED.**

Dated: 07/01/15                              _____
                                             THELTON E. HENDERSON
                                             United States District Judge

3