UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVE DALE PERCELLE,

    Plaintiff,

  v.

STEVEN PEARSON, et al.,

    Defendants.

Case No. 12-cv-05343-TEH

**ORDER RESCHEDULING TRIAL; RESETTING DEADLINES**

The trial in this case was scheduled for November 3, 2015. On November 19, 2015, during the pretrial conference, it became clear to the Court based on the parties' failure to timely meet and confer as ordered, the disjointed 91 pages of pretrial documents (not including motions *in limine*), and verbose oral argument, that the parties were not prepared to begin an orderly trial within two weeks.

IT IS HEREBY ORDERED that the parties shall meet and confer on a new trial date and shall discuss their proposed dates with this Court's courtroom deputy. Once the parties agree on a date that is available on the Court's calendar, the Court will issue an order setting the new trial date and a new pretrial conference date.

The parties may not submit any new motions *in limine*, as the filing deadline had passed prior to the pre-trial conference. The parties may submit outstanding oppositions to existing motions *in limine,* but must do so no later than **November 26, 2015**.

The only remaining cause of action in this case is a First Amendment Retaliation claim within the prison context. The elements of the cause of action are as follows:

    (1) That Defendant took some adverse action against Plaintiff

    (2) Because of

    (3) Plaintiff's protected conduct;

    (4) Such action chilled the exercise of Plaintiff's First Amendment rights; and

    (5) The action did not reasonably advance a legitimate correctional goal.

With only these elements in mind, the parties shall submit a revised joint pretrial conference statement no later than **10 calendar days before the new pretrial conference date**, as determined by the parties' agreement.  The contents of the revised statement shall adhere to the Order for Pretrial Preparation (Docket No. 168), with the following exception:

The parties' witness lists must contain an explanation outlining (1) the matters to which each witness will testify, and (2) precisely how such testimony relates to one or more of the elements of a First Amendment Retaliation claim.

The Court reminds the parties that the resetting of dates and deadlines does not give the parties a second bite at the apple.  There shall be no new witnesses, exhibits or other evidence in the revised joint pretrial statement, but rather the revision shall serve to clean up and refocus the parties on the actual issues at bar.  The Court will only find evidence relevant under Federal Rule of Evidence 401 if it relates to the cause of action at issue.

Furthermore, the Court will liberally apply Federal Rule of Evidence 403 to ensure that even relevant evidence will not be admitted if it will confuse the issues, mislead the jury, needlessly present cumulative evidence or otherwise waste the Court's time.

**IT IS SO ORDERED.**

Dated:   11/19/15              _____
                               THELTON E. HENDERSON
                               United States District Judge

2