UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVE DALE PERCELLE,

Plaintiff,

v.

STEVEN PEARSON, et al.,

Defendants.

Case No. 12-cv-05343-TEH

**ORDER SETTING TRIAL DATE AND RELATED DEADLINES**

The Court's courtroom deputy has informed the Court that the parties in the above-captioned case have agreed upon a new trial date that is available on the Court's calendar. Good cause appearing, IT IS HEREBY ORDERED that:

**1.    TRIAL DATE.**  Trial before a jury will begin in Courtroom No. 2 on **Tuesday, June 28, 2016 at 9:00 AM**. The trial of liability and damages shall not be separate.

**2.    PRETRIAL CONFERENCE.**  The Court will hold a pretrial conference on **Monday, June 13, 2016, at 3:00 PM**. Counsel who intend to try the case must attend the pretrial conference.

**3.    PRETRIAL CONFERENCE STATEMENT.**

**(a) Required Meeting and Disclosure Prior to Pretrial Conference.**  Lead counsel who will try the case shall meet and confer on or before **Friday, May 13, 2016**. At that time, they shall discuss:

(**1**) Prospects for settling the action;

(**2**) The preparation and content of the joint pretrial conference statement;

(**3**) The preparation and exchange of pretrial materials to be served and lodged with the court; and

    **(4)**  Resolution of any differences between the parties regarding items (2) and (3) above.  To the extent that such differences are not resolved, the parties must present the issues in the joint pretrial conference statement so that the Judge may rule on the disputes at the pretrial conference.

Within one week after meeting and conferring, the parties shall file a joint statement, signed by all counsel, stating that they have met and conferred on the above issues.

**(b)  Joint Pretrial Conference Statement.**  The parties shall file a revised joint pretrial conference statement no later than **Friday, June 3, 2016**.  The contents of the revised statement shall adhere to the Order for Pretrial Preparation (Docket No. 168), with the following exception:

The parties' witness lists must contain an explanation outlining (1) the matters to which each witness will testify, and (2) precisely how such testimony relates to one or more of the elements of a First Amendment Retaliation claim.  The Court reminds the parties that the elements of a First Amendment Retaliation claim within the prison context are as follows:

    **(1)** That Defendant took some adverse action against Plaintiff

    **(2)** Because of

    **(3)** Plaintiff's protected conduct;

    **(4)** Such action chilled the exercise of Plaintiff's First Amendment rights; and

    **(5)** The action did not reasonably advance a legitimate correctional goal.

The Court reminds the parties that there shall be no new witnesses, exhibits or other evidence in the revised joint pretrial statement, but rather the revision shall serve to clean up and refocus the parties on the actual issues at bar.  The Court will only find evidence relevant under Federal Rule of Evidence 401 if it relates to the cause of action at issue.

Furthermore, the Court will liberally apply Federal Rule of Evidence 403 such that even relevant evidence will not be admitted if it will confuse the issues, mislead the jury, needlessly present cumulative evidence or otherwise waste the Court's time.

**IT IS SO ORDERED.**

Dated: 12/15/15   _____
THELTON E. HENDERSON
United States District Judge