UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE DALE PERCELLE,<br>Plaintiff,<br>v.<br>STEVEN PEARSON, et al.,<br>Defendants. | Case No. 12-cv-05343-TEH<br><br>**ORDER ON PRETRIAL MOTIONS** |

Defendants Derek Arredondo, Dylan Fletcher, Steve Pearson and Mike Williams ("Defendants") filed eight motions in limine on October 13, 2016 and October 20, 2016. ECF No. 284, 278, 280, 282, 287, 281, 305. Plaintiff filed two motions for reconsideration on July 18, 2016. ECF No. 338, 339. Plaintiff also filed a motion for issuance of five writs of habeas corpus *ad testificandum* on October 3, 2016. ECF No. 345. After carefully considering the parties' arguments, the Court now GRANTS IN PART and DENIES IN PART the parties' pretrial motions, as set forth below.

**BACKGROUND**

As the parties are familiar with the factual background of this case, the Court provides only a brief summary of the facts. Plaintiff Steven Dale Percelle ("Plaintiff") is a former state prisoner who was classified as a gang member and placed in segregated housing for approximately fourteen months of his incarceration. He now sues four California Department of Corrections and Rehabilitation ("CDCR") officials pursuant to 42 U.S.C. § 1983. Following this Court's ruling on Defendants' motion for summary judgment, the sole remaining claim in his case is for First Amendment Retaliation. Oct. 1,

2015 Order (ECF No. 271). Plaintiff alleges that he was validated as a gang member and placed in a segregated housing unit ("SHU") in retaliation for engaging in litigation activity protected by the First Amendment. Second Amended Complaint ("SAC") ¶ 153 (ECF No. 212).

Plaintiff was incarcerated at the Correctional Training Facility ("CTF") in Soledad, California from August 20, 2003 to March 16, 2013. SAC ¶ 19. For the first seven years of his sentence, he was housed in general population and was earning good time and work time credits. *Id.* After two years of receiving allegedly negligent medical care, Plaintiff filed suit first in federal district court and then in state court. The federal case was dismissed without prejudice as to state law claims. Sept. 23, 2009 Order at 12, *Percelle v. Rosenthal, et al.*, No. 05-cv-1998-WHA (ECF No. 104). The state case resulted in an entry of default in favor of Plaintiff against CDCR. SAC ¶ 36. Plaintiff alleges that his central file at CTF contained information about the default judgment. SAC ¶ 31.

Defendants claim that in November 2010, the Institutional Gang Investigation (IGI) unit at CTF received information that Plaintiff was participating in gang activity related to the Black Guerilla Family ("BGF"). Pearson Decl. in Supp. of Defs.' Mot. for Summ. J. ("Pearson Decl.") ¶ 3 (ECF No. 224). Eight days later, Defendants Pearson, Williams and Arredondo, Institutional Gang Investigators for CDCR, searched Plaintiff's cell and confiscated an address book, as well as a photocopy of a prison library book authored by George Jackson. SAC ¶¶ 42-44. On December 8, 2010, Defendant Arredondo sent an email to a colleague, stating: "We hit Percelle and found two points, any information from [REDACTED][1] (Direct Link) would seal the deal." Ex. 110 of Pl.'s Admin. Mot. to File Under Seal (ECF No. 177). On the same day, the Monterey Superior Court Judge denied Plaintiff's default judgment without prejudice due to lack of expert evidence. SAC ¶ 50. The court then appointed two damages expert who repeatedly requested Plaintiff's records from CTF. SAC ¶¶ 51-56.

---

[1] The redacted name is that of a confidential informant whose identification of Plaintiff as a gang member counts as the third validation point.

2

On September 27, 2011, Defendants reported that they had obtained a third source item—identification by a confidential informant who was a validated BGF member. Pearson Decl. ¶ 7 & Exh. C. On December 15, 2011, Defendants Jefferson and Brode officially validated Plaintiff as a member of the BGF prison gang. SAC ¶ 110. On January 26, 2012, CTF's Institutional Classification Committee ("ICC") met to review Plaintiff's gang validation, which they deemed warranted. Pearson Decl. ¶ 15. Plaintiff was thereafter placed in the SHU. *Id.*

Plaintiff now seeks compensatory damages, including for emotional distress, the cost of treatment for the anxiety and depression he developed while in the SHU, as well as the value of the impairment of his earning capacity. He also seeks exemplary damages. SAC ¶ 156. A jury trial in this matter is set to begin on December 6, 2016.

**DEFENDANTS' MOTIONS IN LIMINE**

**I.      Defendants' Motion in Limine No. 1**

Defendants seek to exclude the testimony of Dr. Martin Williams on the basis that his opinion relies on test results and medical records not properly disclosed. Defs.' Mot. at 1-2 (ECF No. 284). They argue that Plaintiff failed to disclose test results from the MMPI-2RF, a psychological test that Dr. Williams used to confirm his diagnosis of Percelle. In response, Plaintiff claims that Dr. Williams would have disclosed those test results to an expert designated by Defendants had they asked. Dresser Decl. in Opp'n to Defs. Mot. in Limine No. 1 ¶ 7 (ECF No. 301). Even if that were true, Federal Rule of Civil Procedure 26(a)(2)(B)(ii) imposes a duty on the proponent of the expert evidence to provide "the facts or data considered by the witness" in forming their opinion. The test results here are data that Plaintiff should have disclosed.

In addition, Defendants claim that some of the medical records that Dr. Williams relied on were produced for the first time on September 18, 2015, after the close of discovery. Plaintiff contends that he produced a portion of the Evans Lane records before close of discovery on July 20, 2015 and that he disclosed the rest as soon as they became

3

1  available. Dresser Decl. in Opp'n to Defs.' Mot. in Limine No. 4 ¶¶ 12-13 . Even if Dr.
2  Williams relied in part on records produced on September 18, 2015, the Court finds that
3  Defendants had adequate time to review those documents and prepare for Dr. Williams'
4  deposition.

5  The Court denies Defendants request to prevent Dr. Williams from testifying at trial
6  but limits Dr. Williams' testimony. Since Defendants did not have the benefit of
7  investigating the results of the MMPI-2RF test, Dr. Williams is prohibited from relying on
8  that test during his testimony. Defendants' first motion in limine is therefore GRANTED
9  IN PART.

### II. Defendants' Motion in Limine No. 2

Defendants move to limit the testimony of expert witness Richard Subia. Defs.' Mot. at 1 (ECF No. 278). They first argue that Subia fails to provide the basis for his opinion that "the three documents asserted to support validation… do not credibly support such validation and do not comply with the requirements of Title 15." Subia Expert Report ¶ 14 (ECF No. 244). Defendants' assertion is inaccurate. Subia carefully addresses each source item in the validation package and explains why he thinks the source items do not support gang validation. *Id*. ¶¶ 15-17. Similarly, Subia provides the reasons for his conclusion that the debriefing memorandum "is the type of CI material which is not credible to support validation." *Id*. ¶¶ 21-23.

Defendants next argue that Subia should be precluded from summarizing the testimony of other witnesses and from offering his opinion on the credibility of those witnesses. The credibility of witnesses is a matter to be decided by the jury and is thus not an appropriate subject of expert testimony. *See United States v. Barnard,* 490 F.2d 907, 912-13 (9th Cir.1973) (trial court properly excluded psychiatric and psychological testimony as to credibility of a prosecution witness). Subia is precluded from opining directly on the credibility of other witnesses. He may, however, summarize the testimony of other witnesses as a basis for his own expert opinion. He may also testify as to what a

1  CDCR agent in the position of a particular witness would have had access to or would
2  have been required to do under relevant CDCR regulations. It is his role as an expert to
3  assist the jury in understanding the evidence and determining facts in issue. *See United*
4  *States v. Amaral*, 488 F.2d 1148, 1152-53 (9th Cir. 1973).
5      Lastly, the Court agrees with Defendants that testimony regarding current CDCR
6  regulations, which were not in place at the time of the alleged retaliation, should be
7  precluded as being irrelevant under Federal Rule of Evidence 401.
8      Defendants' motion is GRANTED to the extent that Subia is barred from opining
9  on witness credibility and from testifying about current CDCR regulations. It is DENIED
10 in all other respects.

### III. Defendants' Motion in Limine No. 3

Defendants ask the Court to excuse Defendant M. Williams from attending the first three days of trial, which was originally set for November 6, 2015. Defs.' Mot at 1 (ECF No. 280). Since trial was rescheduled to December 6, 2016, Defendants' request is moot and their third motion in limine is hereby DENIED.

### IV. Defendants' Motion in Limine No. 4

Defendants move to prevent Plaintiff from presenting evidence of documents produced on September 18, 2015 after the close of discovery. Defs.' Mot at 1 (ECF No. 282). Defendants correctly point out that fact discovery ended on July 20, 2015. Order for Pretrial Preparation at 1 (ECF No. 168). They identify three sets of documents they wish to exclude for being produced late: a report by Scott Simon addressed to the Monterey County Superior Court, medical records from the Evans Lane Wellness Center, and minutes from the CTF's Institutional Classification Committee meeting.

The Court admonishes Plaintiff for producing all three sets of documents after the discovery cutoff date. However, the Court finds the late disclosure to be harmless. *See* Fed. R. Civ. P. Rule 37(c)(1). Trial was rescheduled numerous times and Defendants have been

in possession of the documents for over a year. Any concern that Defendants might not have enough time to review the documents is now moot. Defendants' fourth motion in limine is DENIED.

### V. Defendants' Motion in Limine No. 5

Defendants move to prevent a number of Plaintiff's witnesses from testifying at trial on the basis that they were not properly or timely disclosed. Defs.' Mot at 2 (ECF No. 287). First, they challenge six of Plaintiff's non-expert witnesses on the basis that Plaintiff failed to disclose their identities prior to the first pretrial conference statement. Plaintiff did not include Darryl Walcott, P.A. Santiago, Robert Antonio Cleary, David Bernard Portee, Paul Redd and R. Price in his initial disclosures filed on June 5, 2014. Exh A. to Defs.' Mot. (ECF. 288-1). Nor did he provide timely supplemental disclosure of these witnesses, as required by Federal Rule of Civil Procedure 26(e)(1).

Plaintiff argues that Defendants were aware of Daryl Walcott as a witness because on August 24, 2015 Walcott filed a declaration in opposition to Defendants' motion for summary judgment. Pl.'s Opp'n at 1 (ECF No. 310). The declaration was filed after the close of discovery and it does not constitute a substitute for proper disclosure. Similarly, the fact that P.A. Santiago was "discussed in detail" in Percelle's declaration in opposition to summary judgment does not excuse Plaintiff from his obligation to properly disclose P.A. Santiago as a witness. *Id*. Defendants' motion to exclude the testimony of Darryl Walcott, P.A. Santiago, Robert Antonio Cleary, David Bernard Portee, Paul Redd and R. Price is therefore GRANTED.

Defendants next allege that four of Plaintiff's expert witnesses were improperly disclosed—Scott Simon, Dr. Gerardo Solorio-Cortes, Jeff Howlin and Yasheka Sease.[2] For all four, Defendants argue that Plaintiff failed to provide a "summary of facts and opinions

---

[2] Defendants' arguments in their supplement to the fifth motion in limine (ECF No. 324) are discussed below in the context of Plaintiff's first motion for reconsideration (ECF. 338).

6

to which the witness[es] [are] expected to testify" as required for non-retained experts under Federal Rule of Civil Procedure 26(a)(2)(C)(ii). The Court agrees with Defendants. Scott Simon may testify as a factual witness but may not offer expert opinion as he was not properly disclosed as a non-retained expert. Dr. Gerardo Solorio-Cortez, Jeff Howlin and Yasheka Sease were not disclosed as factual witnesses, nor were they properly disclosed as non-retained experts. Plaintiff is barred from introducing their testimony at trial. In those respects as well, Defendants' fifth motion in limine is hereby GRANTED.

**VI.     Defendants' Motion in Limine No. 6**

Defendants ask the Court to exclude non-party witnesses from hearing other witnesses' testimony so that they are not influenced by that testimony. Defs.' Mot at 6 (ECF No. 286). This standard motion under Federal Rule of Evidence 615, in the present instance unopposed by Plaintiff, is hereby GRANTED.

**VII.    Defendants' Motion in Limine No. 7**

Defendants move to exclude testimony and evidence regarding Plaintiff's mental and emotional injuries allegedly suffered as a result of his placement in the SHU. Defs.' Mot at 1 (ECF No. 281). They argue that such evidence is irrelevant because under 42 U.S.C. § 1997e(e) Plaintiff is barred from recovering damages for mental and emotional injury without a showing of physical harm.

The statute Defendants cite in support of their argument has been construed by the Ninth Circuit to have a rather limited application. Specifically, 42 U.S.C. § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." The physical injury requirement only applies to claims for mental or emotional injury and does not bar an action for a violation of a constitutional right. *See Haddix v. Burris*, 2015 WL 1055768, at *9–10 (N.D. Cal. Mar. 10, 2015).

7

Where Plaintiff's complaint raises a First Amendment claim, he need not allege physical injury as a precondition for recovering damages, even if those damages are for mental and emotional injury. *See e.g.*, *Franklin v. Lewis*, 2015 WL 3509341, at *2 (N.D. Cal. June 3, 2015). The facts here are similar to the facts in *Canell v. Lightner*, 143 F.3d 1210 (9th Cir. 1998), in which an inmate sued jail officials for violations of his First Amendment religious freedom rights. The Ninth Circuit rejected a defense contention that § 1997e(e) barred the action because the prisoner alleged only mental and emotional injury without physical injury:

> [The plaintiff] is not asserting a claim for "mental or emotional injury." He is asserting a claim for a violation of his First Amendment rights. The deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred. Therefore, § 1997e(e) does not apply to First Amendment [c]laims regardless of the form of relief sought.

*Canell*, 143 F.3d at 1213.

At the June 13, 2016 pretrial conference, Defendants tried to distinguish the present case from *Canell* by claiming that, because Canell only sought relief for emotional and mental injury, had the Ninth Circuit applied the limitation of § 1997e(e), Canell's entire First Amendment claim would have been barred. Unlike *Canell*, Plaintiff's case would not be barred here, Defendants argued, because Plaintiff seeks additional damages not premised on mental and emotional injury. This distinction is not dispositive. Where, as here, Plaintiff allegedly suffered injuries resulting from a violation of his First Amendment rights, § 1997e(e) does not prevent him from recovering for mental and emotional distress. *See Haddix*, 2015 WL 1055768, at *9–10 (holding that Section 1997e(e) bars an inmate for pursuing a separate claim for mental or emotional distress, but does not bar him for seeking relief for such distress arising from an allegedly retaliatory cell search); *see also Oliver v. Keller*, 289 F.3d 632, 627 n. 5 (clarifying that nothing in *Oliver*'s holding disturbs the Circuit's prior holding in *Canell*). Defendant's motion is therefore DENIED.

8

**VIII.     Defendants' Motion in Limine No. 8**

Defendants next move to prevent Plaintiff from presenting evidence regarding dismissed claims. Defs.' Mot at 1 (ECF No. 305). More specifically, they ask the Court to prohibit Plaintiff from arguing that: (a) Defendants lacked sufficient evidence to validate Plaintiff, and (b) Plaintiff's length of imprisonment was extended due to Defendants' action.

The Court reminds Plaintiff that the single claim in this case is a First Amendment Retaliation claim. All evidence not relevant to this claim will be excluded. That said, Defendants have not convinced the Court that the two types of evidence they seek exclusion of are irrelevant or inadmissible. The strength of the evidence linking Plaintiff to a prison gang is relevant to the question of whether Defendants had an ulterior motive in seeking validation. The extension of the time that Plaintiff spent in prison is relevant to the assessment of damages resulting from the alleged constitutional violation. The probative value of both types of evidence is not, at this stage in the proceedings, substantially outweighed by the risk of unfair prejudice or the possibility that the jury may be misled. *See* Fed. R. Evid. 403.

The Court hereby GRANTS Defendants' motion to preclude Plaintiff from presenting evidence that relates solely to the dismissed claims but DENIES Defendants' request to exclude testimony and argument as to sufficiency of validation evidence and the length of Plaintiff's incarceration.

**PLAINTIFF'S MOTIONS FOR RECONSIDERATION**

**I.     Plaintiff's Motion for Reconsideration Re: Identification of Trial Witnesses and Exhibits**

Plaintiff seeks permission to introduce as trial witnesses Dr. Usa Aroonlap and Dr. Keykhosrow Rastegari after failing to include them in his witness list in the October 9, 2015 Joint Pretrial Conference Statement. Pl.'s Mot. for Recons. at 1-2 (ECF No. 338). He claims that he did not initially include them because he was under the impression that

Defendants had stipulated to the admissibility of medical records produced by Dr. Aroonlap and Dr. Rastegari. Defendants contend that they stipulated only to the authenticity of those documents, not to their admissibility at trial. Defs.' Opp'n at 3 (ECF No. 342).

The Court finds that records of Plaintiff's treatment during placement at the SHU and immediately following release are relevant to damages stemming from Plaintiff's First Amendment claim. If Defendants are unwilling to stipulate to the admissibility of these records, Dr. Aroonlap and Dr. Rastegari may testify but only as to their personal knowledge and treatment of Percelle. Contrary to what Defendants suggest, both doctors are not "new witnesses" and their testimony does not unfairly prejudice Defendants. Defs.' Opp'n at 1. Plaintiff had identified both of them as percipient witnesses in his initial disclosures filed on June 5, 2014 and in his expert witness list filed on September 4, 2015.

Lastly, Defendants do not oppose Plaintiff's request to identify as trial exhibits records of medical care received by Plaintiff after the filing of the first pretrial conference statement. Defs.' Opp'n at 5. The Court finds that evidence of the mental health treatment that Plaintiff has received since July 20, 2015 is relevant to the issue of damages and grants Plaintiff's request. Plaintiff's first motion for reconsideration is therefore GRANTED. Defendants' supplemental motion (ECF No. 324) seeking exclusion of testimony by Dr. Aroonlap and Dr. Rastegari is DENIED.

**II.     Plaintiff's Motion for Reconsideration of Ruling Regarding Photographs**

Plaintiff moves for reconsideration of the Court's order to exclude two photographs from Plaintiff's exhibit list. Pl.'s Mot. for Recons. at 2 (ECF No. 339). The photographs show cells that Plaintiff was confined to when using the prison library during his placement in administrative segregation. Exs. B, C. to Pl.'s Mot. for Recons. (ECF No. 339-1, 339-2). At the Second Pretrial Conference on June 13, 2016, the Court excluded the photographs because Plaintiff appeared to offer them as evidence of Plaintiff's conditions of confinement in segregated housing. Plaintiff now clarifies that the photographs show

10

Plaintiff's confinement when using the library, not when kept in his housing cell. As such, Plaintiff argues, the photographs would tend to make the fact of personal indignity suffered as a result of gang validation more probable, which is a fact of consequence to the compensatory damages requested by Plaintiff.

The Court retains inherent power to modify its interlocutory orders prior to the entry of judgment. *See* Fed. R. Civ. P. 54(b). Having carefully reviewed Plaintiff's motion and Defendants' objections, the Court finds that the photographs are relevant to the damages sought by Plaintiff. They show the conditions of Plaintiff's confinement when he tried to exercise his right to use the law library. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977) (stressing that right of access to the courts is "fundamental"); *see also Allen v. City & County of Honolulu*, 39 F.3d 936, 938 (9th Cir. 1994). The photograph's probative value is not substantially outweighed by the risk of unfair prejudice or confusion of the issues. *See* Fed. R. Evid. 403. Plaintiff's second motion for reconsideration is hereby GRANTED.

## PLAINTIFF'S MOTION FOR ISSUANCE OF WRITS OF HABEAS CORPUS *AD TESTIFICANDUM*

Lastly, Plaintiff seeks writs of habeas corpus *ad testificandum* for five inmates: Willie Moses Johnson, Darryl Walcott, Michael Reed Dorrough, Michael Lee Cooperwood, and James Benson. Pl.'s Mot. at 1-2 (ECF No. 345). Defendants object both procedurally and substantively to the testimony of each proposed witness. Defs.' Opp'n at 3-6 (ECF No. 351).

The Court finds that the only witness who was disclosed on time and whose testimony is necessary to an adequate presentation of Plaintiff's case is Willie Moses Johnson. Johnson was identified in Plaintiff's initial disclosures on June 5, 2014 and included in Plaintiff's witness list on September 4, 2015. Having had contact with Plaintiff, Johnson appears to have percipient witness information about Plaintiff's alleged affiliation with a prison gang, his jailhouse lawyer activities, and the reasons behind the names of validated gang members in Plaintiff's address book. Dresser *Decl.* to Pl.'s Mot. at 5. The

11

1 probative value of his testimony justifies the expense associated with transporting him
2 from prison to court.
3     The same is not true for Michael Reed Dorrough, Michael Lee Cooperwood, and
4 James Benson. Plaintiff has not convinced the Court that their testimony is not just
5 relevant but necessary to Plaintiff's case. *See Greene v. Prunty*, 938 F. Supp. 637, 639
6 (S.D. Cal. 1996) (standard for issuance of writ is similar to that employed pursuant to Fed.
7 R. Crim. P. 17(b)). Even if the three inmates testified that they never had any contact with
8 Plaintiff, the probative value of their testimony is not high. As Defendants assert in their
9 opposition, there is evidence showing that the gang validation point that Plaintiff received
10 for the address book did not depend on Plaintiff having had any contact with the validated
11 gang members whose names appeared in his address book. Jefferson Decl. in Supp. of
12 Defs.' Opp'n ¶ 7 (ECF No. 352).
13     Lastly, as discussed above with respect to Defendants' fifth motion in limine,
14 Darryl Walcott was not timely and properly disclosed as a percipient witness and as such is
15 prevented from testifying at trial.
16     The Court grants Plaintiff's request for Willie Moses Johnson to testify at trial and
17 denies Plaintiff's request as to the other four inmates. The parties are ordered to meet and
18 confer regarding the exact date that Johnson should appear in court. Plaintiff should then
19 submit a new proposed order with the correct date.[3] Further, the Court prohibits
20 Defendants from introducing any evidence or argument that directly or indirectly suggests
21 that Plaintiff might have had any contact with the violated gang members whose names
22 appear in his address book. Plaintiff's motion is hereby GRANTED IN PART.
23 //
24 //
25 //

---

[3] In his October 3, 2016 motion, Plaintiff requested Johnson's appearance "on December 13, 2016 being the fourth day of jury trial." Pl.'s Mot. for Issuance of Writs Habeas Corpus at 1 (ECF No. 345). However, December 13th is the fifth, not the fourth, day of jury trial.

**CONCLUSION**

The Court advises the parties to follow closely the Court's rulings on the pretrial motions stated above. The parties may not submit any new motions in limine, nor may they include any new witnesses, exhibits or other evidence in their revised joint pretrial statement. Since the Court found Plaintiff's motion for issuance of writs of habeas corpus *ad testificandum* suitable for resolution without oral argument, the November 7, 2016 hearing is hereby VACATED.

**IT IS SO ORDERED.**

Dated: 10/31/16                          _____
                                         THELTON E. HENDERSON
                                         United States District Judge