UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVE DALE PERCELLE,

Plaintiff,

v.

STEVEN PEARSON, et al.,

Defendants.

Case No.  12-cv-05343-TEH

**ORDER RE: TESTIMONY OF DR. GERARDO SOLORIO-CORTES**

The parties appeared for a second pretrial conference hearing before this Court on November 28, 2016. Defendants objected to the testimony of Dr. Gerardo Solorio-Cortes on the ground that he was not timely disclosed as a fact witness and not properly disclosed as a non-retained expert. The Court hereby grants Defendants' objection for the reasons set forth below.

Dr. Solorio-Cortes was first disclosed as a witness on September 4, 2015. He was one of the witnesses listed in "Plaintiff Steve Dale Percelle's Rule 26 Disclosure of Expert Testimony." Exh. B to Defs.' Mot. in Limine No. 5 (ECF No. 288-2). Plaintiff included Dr. Solorio-Cortes' contact information and a statement of the purpose of Dr. Solorio-Cortes' testimony—"for medical opinions as treating health care provider concerning the nature and cause of the injuries and harm sustained by Steve Dale Percelle." *Id.* at 3. Plaintiff did not provide a written report for this witness because, as Plaintiff explained at the November 28, 2016 hearing, Dr. Solorio-Cortes was not retained as an expert.

Federal Rule of Civil Procedure 26(a)(2)(C) requires the following of witnesses who are not retained and thus do not need to provide written reports:

> "Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, the disclosure must state:
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703 or 705; and
> (ii) a summary of the facts and opinions to which the witness is expected to testify."

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Plaintiff disclosed the subject matter of Dr. Solorio-Cortes' testimony— "nature

2    and cause of the injuries and harm sustained by Steven Dale Percelle." Exh. B to Defs.'

3    Mot. in Limine No. 5 at 3 (ECF No. 288-2). However, Plaintiff did not provide a summary

4    of the facts and opinions to which the witness is expected to testify. The Court therefore

5    finds that Dr. Solorio-Cortes was not properly disclosed as a non-retained expert.

6    Dr. Solorio-Cortes was also not timely disclosed as a fact witness. Plaintiff did not

7    include his name in his initial disclosures of fact witnesses nor did he provide

8    supplemental disclosures of fact witnesses before the discovery cutoff date of July 20,

9    2015. Exh. A to Defs.' Mot. in Limine No. 5 at 3 (ECF No. 288-1).

10    Defendants claim that they were prejudiced by Plaintiff's failure to properly

11    disclose Dr. Solorio-Cortes because they were not able to take his deposition. Defs.' Mot.

12    in Limine No. 5 at 4. Given that the improper disclosure was not harmless, Federal Rule of

13    Civil Procedure 37(c)(1) requires that Plaintiff be prevented from introducing the

14    testimony of Dr. Solorio-Cortes at trial.

15    Lastly, even though Dr. Solorio-Cortes may not testify at trial, Plaintiff may

16    introduce medical records Dr. Solorio-Cortes produced in treating Plaintiff if they are

17    otherwise admissible. As the Court held in its Order on Pretrial Motions, evidence of

18    Plaintiff's mental health treatment since July 20, 2015 is relevant to the issue of damages.

19

20

21    **IT IS SO ORDERED.**

22

23    Dated:   11/29/16

24    THELTON E. HENDERSON
      United States District Judge

25

26

27

28

2